IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JOHN BRADBERRY**,

      **Plaintiff**,

**v.**                             **CIVIL ACTION NO. 2:09-0894**

**CITY OF SOUTH CHARLESTON**,

      **Defendant**.

## MEMORANDUM OPINION AND ORDER

Pending are defendant's motion to dismiss (Doc. No. 2) and plaintiff's motion to remand (Doc. No. 5). For the reasons set forth below, the court grants the motion to remand and does not reach the motion to dismiss.

### I. Factual and Procedural Background

Plaintiff John Bradberry initiated this action in the Circuit Court of Kanawha County, West Virginia, in July 2009. (Doc. No. 1 Ex. 1.) He alleges that on May 11, 2009, police officers employed by the defendant City of South Charleston entered his room at the Microtel hotel in that city and conducted a warrantless, illegal search, without probable cause to believe that he had violated the law. (Id.) Bradberry asserts that, although the officers offered no "indicia of legality to justify their actions," they confiscated more than $7,000.00 of plaintiff's cash – property which he has been unable to have restored to him. (Id.)

Bradberry alleges that, "[a]s a proximate result of the defendant's employees' illegal actions," he suffered "embarrassment and humiliation, sustained a loss of his civil rights, [and] sustained loss of his money for in excess of two months . . . ." (Id.) He claims that the City of South Charleston is vicariously liable for the acts of its police officers as agents or employees acting within the course of their employment. (Id.) Bradberry concludes by noting his belief that the confiscation of his property was done "solely on the basis of the plaintiff being of the African-American race." (Id.) For relief, he seeks an order directing the return of the money seized, judgment in a sum that will reasonably compensate him for "his loss of statutory, constitutional, and civil rights as aforesaid." (Id.)

Defendant thereafter removed the action to this court, explaining that plaintiff's cause of action "is primarily federal in character because he alleges that South Charleston violated his federal constitutional rights, without explicitly advancing a 42 U.S.C. § 1983 claim." (Doc. No. 1.) At the same time, defendant filed a motion to dismiss on the grounds that the City is not considered to be a "person" such that § 1983 liability may attach. (Doc. Nos. 2, 3.)

Plaintiff subsequently filed his motion to remand, averring that he intended to bring his claim pursuant to West Virginia

Code § 60A-7-704,[1] which he asserts is made actionable by West Virginia Code § 55-7-9.[2] (Doc. No. 5.)

## II. **Analysis**

Pursuant to 28 U.S.C. § 1441, a case filed in a state court may be removed to a federal court when it is shown that the federal court would have had original jurisdiction over the suit. Defendant, as the party seeking removal, bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). In conducting

---

[1] § 60A-7-704. Procedures for seizure of forfeitable property.

. . .

(b) Notwithstanding the provisions of subsection (a) of this section, seizure of property subject to forfeiture by the provisions of this article may be made without process if:

   (1) The seizure is incident to a lawful arrest or pursuant to a search under a search warrant or an inspection warrant;

   (2) The property subject to seizure has been the subject of a prior judgment in favor of the State in a forfeiture proceeding based upon this article;

   (3) The appropriate person has probably cause to believe that the property was used or intended for use in violation of this chapter.

. . .

[2] § 55-7-9. Violation of statutes.

Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

-3-

its jurisdictional analysis, the court is aware that removal jurisdiction raises significant federalism concerns, and must therefore be strictly construed. Mulcahey, 29 F.3d at 151 (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

"A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816-17 (4th Cir. 2004)(emphasis in original)(citing Mulcahey, 29 F.3d at 153)). "[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." Mulcahey, 29 F.3d at 153 (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988)).

Given the ambiguity with which plaintiff states his cause of action – he refers only to a "loss of [his] statutory, constitutional, and civil rights" – defendant was not unreasonable in construing plaintiff's claim as one brought pursuant to 42 U.S.C. § 1983 for a violation of his federal constitutional rights. (Doc. No. 1 Ex. 1.) Moreover, it is not a foregone conclusion that plaintiff may bring the private cause

of action he describes; whether the violation of a given statute gives rise to a claim pursuant to § 55-7-9 is governed by the four-part test enunciated in Hurley v. Allied Chemical Corp., 262 S.E.2d 757 (W. Va. 1980),[3] and the court is not aware of any cases in which §60A-7-704 has been analyzed in this context.

    Nonetheless, jurisdictional authority, including that quoted above, militates in favor of plaintiff's position.  Mulcahey indicates that ambiguities arising in the court's jurisdictional analysis should generally be resolved in favor of remand, and it is well established that a complaint should be liberally construed in favor of the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  On the basis of these principles, other courts have remanded cases in which the vagueness of the plaintiff's allegations allows for interpretation of a claim as arising under either federal or state law.  See Locus v. Duke Univ., No. 1:08CV607, 2009 U.S. Dist. LEXIS 12764 (M.D.N.C. Feb.

---

    [3] Syllabus Point 1 of Hurley sets forth the factors which determine whether

> a State statute gives rise by implication to a private cause of action: (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

Hurley, 262 S.E.2d 757, at Syl. Pt. 1.

19, 2009); Pigott v. Ostulano, No. 2:07cv90, 2007 U.S. Dist. LEXIS 34390, at *12 (E.D. Va. May 9, 2007)(citing Lilly v. Town of Clendenin, No. 2:05-0303, 2005 U.S. Dist. LEXIS 34069 (S.D. W. Va. Sept. 6, 2005)(Copenhaver, J.)(remanding where complaint's reference to federal constitutional violations was determined to have been included merely "for good measure")); Eastern States Health & Welfare Fund v. Philip Morris, Inc., 11 F. Supp. 2d 384, 393 (S.D.N.Y. 1998)(citing Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. 1957)("Since § 1441(c) was intended to restrict, not enlarge, removal rights all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction.").

Moreover, as the Eastern States court explained, "the principle that the plaintiff is master of the complaint also counsels in favor of construction in accordance with the representations of the plaintiffs . . . ." Eastern States, 11 F. Supp. 2d at 393. The court will therefore honor plaintiff's assertion that he intended to bring his claim pursuant to West Virginia statutory law, rather than § 1983.

In its response to plaintiff's motion to remand, the City asserts that an alternative basis for federal jurisdiction exists based on the complete diversity of the parties: "As alleged in his Complaint, Mr. Bradberry is a citizen of New Jersey, not West

Virginia.  South Charleston is a West Virginia municipality." (Doc. No. 7 at 2.)  Defendant continues, "Though the Plaintiff does not make any allegations regarding the entire value of his claim, it is possible his claims exceeds $75,000, an amount sufficient to provide this Court with diversity jurisdiction over this matter."  (Id.)  As the party bearing the burden of establishing federal jurisdiction, however, a defendant must supply evidence to support the required jurisdictional amount under 28 U.S.C. § 1332(a)(1); mere assertions or allegations are insufficient to meet this burden.  Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999)(Goodwin, J.).  Because the only fixed amount set forth on the face of the complaint – $7,000 – falls far short of the amount necessary to establish diversity jurisdiction, defendant's alternative argument fails.

### III.  Conclusion

Defendant having failed to meet its burden to establish either federal question jurisdiction or diversity jurisdiction, the court must **GRANT** plaintiff's motion to remand.  (Doc. No. 5.)  As such, the court does not reach the City of South Charleston's motion to dismiss.  (Doc. No. 2.)

It is **SO ORDERED** this 28th day of December, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge